UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PERRY WYATT,**<br><br>    **Plaintiffs**<br><br>    **v.**<br><br>**RUG EMPORIUM, a California Corporation d.b.a. Price Mart Wholesale**<br><br>    **Defendant** | **CASE NO. 1:15-CV-1414 AWI SMS**<br><br>**ORDER ON MOTION TO STRIKE AND ORDER TO SHOW CAUSE**<br><br>(Doc. No. 17) |

  This is a disability discrimination case brought by Plaintiff Perry Wyatt ("Wyatt") against a business establishment, Defendant Rug Emporium ("Rug Emporium"). Wyatt alleges claims under Title III of the Americans with Disabilities Act ("ADA"), California Civil Code § 51, and California Civil Code § 54. Wyatt has filed a motion to strike Rug Emporium's answer. For the reasons that follow, the motion will be denied. Furthermore, in light of recent filings, Wyatt will be ordered to show cause why this case should not be dismissed.

*Factual Background*

  From the Complaint, on December 20, 2014, Plaintiff visited Rug Emporium to view the items for sale. A Rug Emporium employee told Wyatt that he could not enter the store because Wyatt's wheelchair would make the carpets dirty. Other members of the public who did not have a wheelchair were able to enter Rug Emporium and make purchases. On information and belief, there are other barriers and discriminatory policies at Rug Emporium that will prevent and deter Wyatt from entering Rug Emporium. Unless enjoined, Rug Emporium's conduct will cause Wyatt and other similarly disabled individuals an ongoing and irreparable injury.

*Motion To Strike*

Plaintiff argues that Rug Emporium filed its answer pro per. However, because corporations cannot appear pro per, the Court should strike the answer pursuant California Code of Civil Procedure § 436(b), which authorizes courts to strike "any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." In addition to the California Code of Civil Procedure, Plaintiff cites state court cases from California, New York, Illinois, Indiana, Missouri, Virginia, New Jersey, Kansas, and Minnesota.

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts . . . ." Fed. R. Civ. P. 1; United States v. Orr Water Ditch Co., 391 F.3d 1077, 1082 (9th Cir. 2005). The Federal Rules of Civil Procedure apply in federal court "irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). If a situation is covered by one of the Federal Rules of Civil Procedure, the district court must apply the Federal Rule, and can only refuse to do so if the Federal Rule would violate the Enabling Act (28 U.S.C. § 2072) or the Constitution. Orr Water Ditch, 391 F.3d at 1082. Thus, District Courts are not bound by the procedural law of a state, but are bound by the Federal Rules of Civil Procedure. United States use of Acme Granite & Tile Co. v. F. D. Rich Co., 441 F.2d 1143, 1144 (9th Cir. 1971).

Here, California Civil Code § 436 provides for a motion to strike. However, Federal Rule 12 also provides for a motion to strike. The Court is aware of no federal court that has applied or utilized California Code of Civil Procedure § 436 in lieu of a Rule 12 motion. This Court will not be the first to do so. Because Plaintiff cites to and relies only on inapplicable state law procedural rules and cases, Plaintiff's motion will be denied.[1] See Fed. R. Civ. P. 1; Kearns, 567 F.3da t 1125; Orr Water Ditch, 391 F.3d at 1082; F.D. Rich, 441 F.2d at 1144.

---

[1] The Court understands that there is a problem with Defendant's answer. The answer is made by Defendant's manager, and there is no indication that the manager is an attorney. Corporations may appear in federal court only through a licensed attorney; they may not appear *pro per*. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Local Rule 183(a). Under different circumstances, the Court might have been willing to overlook Plaintiff's improper reliance on California procedural rules. However, as discussed below, there are jurisdictional issues that need to be addressed by Plaintiff. If Plaintiff cannot satisfactorily address those issues, this case will close. Therefore, the Court declines to address Defendant's answer any further at this time.

*Order To Show Cause*

According to Wyatt's Complaint, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343(a)(3) (deprivation of federal rights under color of state law), and 1343(a)(4) (recovery of damage or obtaining other relief under federal laws that protects civil rights). Wyatt has not shown that § 1343(a)(3) applies, because the allegations show conduct only by a private entity, they do not show conduct under color of state law. See 28 U.S.C. § 1343(a)(3); Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."); Gerritsen v. De La Madrid Hurtado, 819 F.2d 1511, 1514 n.2 (9th Cir. 1987) (acting under color of state law is required for both 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3)). Nevertheless, § 1331 and § 1343(a)(4) apply to this case because Wyatt has alleged an ADA claim. See McKenzie v. Benton, 388 F.3d 1342, 1345 (10th Cir. 2004).

Wyatt's ADA claims are brought under Title III. See Complaint ¶¶ 18, 20, 21, 23. Damages are not an available remedy under Title III of the ADA, rather Title III plaintiffs may only obtain injunctive relief. Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002). Rug Emporium's manager has submitted information that indicates Rug Emporium is no longer in business. See Doc. Nos. 15, 21. If Rug Emporium has ceased its operations and is no longer in business, then Wyatt's claims for injunctive relief are now moot. See Kohler v. Southland Foods, Inc., 459 Fed. Appx. 617, 618 (9th Cir. 2011). In other words, the information provided to the Court indicates that Plaintiff no longer has a viable ADA Title III claim. See id.

The Court has supplemental jurisdiction over Wyatt's two state law claims. Without a viable ADA claim, the Court will decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[2] See Kohler, 459 Fed. App. at 618-19 (affirming district court's decision to decline to exercise supplemental jurisdiction over plaintiff's Civil Code § 51 claim after the Title III of the ADA claim became moot when defendant went out of business).

---

[2] Even though Civil Code §§ 51(f) and 54.1(d) incorporate the ADA, these causes of action do not create federal question jurisdiction. See Kohler, 459 Fed. Appx. at 618-19; Wander, 304 F.3d at 857-58.

Plaintiff has not responded to the assertions that Rug Emporium is no longer in business. Before the Court dismisses the ADA claims as moot and declines to exercise supplemental jurisdiction over the two California Civil Code claims, the Court will give Wyatt the opportunity to respond. Wyatt will be required to show that his ADA claim is not moot and explain why the two state law claims should not be dismissed under 28 U.S.C. § 1367(c).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (Doc. No. 17) is DENIED without prejudice;
2. Within fourteen (14) days of service of this order, Plaintiff shall SHOW CAUSE (as discussed above) in writing why this case should not be dismissed on mootness grounds (the ADA claim) and 28 U.S.C. § 1367(c) (the two California Civil Code claims); and
3. The failure to timely show cause will result in the dismissal of this case without further warning.

IT IS SO ORDERED.

Dated: __April 29, 2016__                                      _____
                                                               SENIOR DISTRICT JUDGE