1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9    PERRY WYATT,                              CASE NO. 1:15-CV-1414 AWI SMS

10                   Plaintiffs

11          v.                                 ORDER DISMISSING FEDERAL
                                               CLAIMS AS MOOT AND CLOSING
                                               CASE FOLLOWING PLAINTIFF'S
12   RUG EMPORIUM,  a California               RESPOSNE TO ORDER TO SHOW
     Corporation d.b.a. Price Mart Wholesale   CAUSE
13
14                   Defendant                 (Doc. No. 22)

15

16

17          This is a disability discrimination case brought by Plaintiff Perry Wyatt ("Wyatt") against

18   a business establishment, Defendant Rug Emporium ("Rug Emporium").  Wyatt alleges claims

19   under Title III of the Americans with Disabilities Act ("ADA"), California Civil Code § 51, and

20   California Civil Code § 54.  On April 29, 2016, the Court denied Wyatt's motion to strike because

21   it improperly relied entirely on state law.  See Doc. No. 22.  As part of the order, the Court

22   included an order to show cause.  See id.  Wyatt was ordered to show cause why his ADA claim

23   should not be dismissed as moot in light of representations that Rug Emporium was no longer in

24   business, and why the Court should not decline to exercise supplemental jurisdiction over the

25   remaining state law claims.  See id.  Wyatt has now responded.  See Doc. No. 23.  For the reasons

26   that follow, the Court will dismiss the ADA claim, decline to exercise supplemental jurisdiction

27   over the remaining state law claims, and close this case.

28

1    *Factual Background*

2        From the Complaint, on December 20, 2014, Plaintiff visited Rug Emporium to view the

3    items for sale.  A Rug Emporium employee told Wyatt that he could not enter the store because

4    Wyatt's wheelchair would make the carpets dirty.  Other members of the public who did not have

5    a wheelchair were able to enter Rug Emporium and make purchases.  On information and belief,

6    there are other barriers and discriminatory policies at Rug Emporium that will prevent and deter

7    Wyatt from entering Rug Emporium.  Unless enjoined, Rug Emporium's conduct will cause Wyatt

8    and other similarly disabled individuals an ongoing and irreparable injury.

9        However, Rug Emporium's manager has submitted information that indicates Rug

10   Emporium is no longer in business.  See Doc. Nos. 15, 21.

11   *Plaintiff's Response To Order To Show Cause*

12       Wyatt argues that this case is not moot for two reasons.  First, simply because Rug

13   Emporium has ceased to operate does not moot the apparent disregard for accessibility by the

14   landlord.  At the time of filing, the property landlord/owner could not be ascertained, rather only

15   the business operator (Rug Emporium) was known.  The owner/landlord still has control over the

16   property and is responsible for the property being accessible.  As part of the litigation process,

17   Wyatt intended to determine the owner of the property, obtain a stipulation to amend from Rug

18   Emporium, and file an amended complaint that adds the owner as a defendant.  Second, Wyatt

19   states that his state law claims carry a penalty for violation of the ADA.  These claims persist

20   regardless of the status of Rug Emporium, and also persist against the apparent landlord/owner.

21   *Discussion*

22       Rug Emporium's manager submitted a document from the California Secretary of State's

23   website that shows Rug Emporium's status as "Dissolved."  See Doc. No. 21.  A review of the

24   California Secretary of State's website reveals the same document submitted by Rug Emporium's

25   manager and confirms that Rug Emporium is dissolved.[1]  The Court takes judicial notice of the

26   submitted document from the California Secretary of State's website.  See Fed. R. Evid. 201;

27

28   [1] The Court last visited the California Secretary of State's website on May 23, 2016.   The status of Rug Emporium
     can be ascertained by conducting a "business search" at the California Secretary of State's website:
     http://kepler.sos.ca.gov/

1    Daniels-Hall v. Nat'l Educ. Assn., 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of

2    information from school districts' websites); Gerritsen v. Warner Bros. Entm't, Inc., 112

3    F.Supp.3d 1011, 1033-34 (C.D. Cal. 2015) (taking judicial notice of business entity profile from

4    the California Secretary of State's website); L'Garde, Inc. v. Raytheon Space & Airborne Sys.,

5    805 F.Supp.2d 932, 937-38 (C.D. Cal. 2011) (same).  Therefore, the California Secretary of State

6    website confirms that Rug Emporium is no longer in business.  Wyatt also concedes this:  "While

7    it is apparent that the previous business [Rug Emporium] is no longer operational . . . ."  Doc. No.

8    23 at 2:12-14.  Thus, Rug Emporium has closed its doors is no longer operational.  See

9    　　　Because Rug Emporium is no longer in business, the Court finds that this case is materially

10   identical to Kohler v. Southland Foods, Inc., 459 Fed. Appx. 617 (9th Cir. 2011).  In Kohler,

11   plaintiff Kohler brought an ADA Title III claim against a restaurant.  See id. at 618.  During the

12   course of litigation, the restaurant closed down and the district court terminated the case.  See

13   Kohler, 459 Fed. Appx. at 618.  The Ninth Circuit held that the district court correctly terminated

14   the case.  See id.  Although the district court incorrectly referred to Kohler as lacking standing, the

15   Ninth Circuit affirmed the district court's decision to terminate because "Kohler's claims for

16   prospective injunctive relief became moot once the restaurant ceased operation."  Id.  Here, as in

17   Kohler, the only defendant against whom Wyatt seeks relief is a closed defunct business.

18   Pursuant to Kohler, Wyatt's ADA Title III claims against Rug Emporium are moot.[2]  See id.

19   　　　Wyatt argues that his ADA claims are not moot because he intended to name the

20   owner/landlord of the property as a defendant.  The Court is not persuaded.  First, despite

21   intentions to amend the complaint at some point, the owner/landlord of the property is not a party.

22   The only defendant in this case is Rug Emporium.  Second, it is true that landlords may be held

23   liable under Title III of the ADA for the actions of their business lessees.  See 42 U.S.C. § 1282;

24   Kohler v. Bed, Bath & Beyond of Cal., LLC, 780 F.3d 1260, 1264 (9th Cir. 2015).  However, the

25   only barrier identified in the Complaint is not the type of barrier that persists on a property.  The

26   Complaint identifies a single barrier experienced by Wyatt – an unknown Rug Emporium

27

28   [2] Under Title III of the ADA, plaintiffs may obtain only injunctive relief.  Ervine v. Desert View Reg'l Med. Ctr.
     Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002).

employee allegedly prevented Wyatt from entering the store because Wyatt's wheelchair could make the inside carpets dirty. This barrier at best reflects a "policy" against individuals with wheelchairs from entering the store. However, once Rug Emporium ceased its operations, the "policy" also ceased. The "policy" is not like an architectural barrier that would remain on a property, irrespective of which business was leasing the property. For example, the "policy" is not like pavement that has a slope that is too steep for wheelchairs. See Curtis v. Home Depot U.S.A., Inc., 2015 U.S. Dist. LEXIS 8118, *21-*22 (E.D. Cal. Jan. 23, 2015). Because Rug Emporium is no longer in operation, neither is that entity's alleged policy against wheelchair entry. The Complaint shows that enjoining the landlord would be as "effective" as enjoining Rug Emporium.

Wyatt also contends that his state law damages claims are not moot, and those claims carry a penalty for ADA violations. However, even though California Civil Code §§ 51(f) and 54.1(d) incorporate the ADA, these causes of action do not create federal question jurisdiction. See Kohler, 459 Fed. Appx. at 618-19; Wander v. Kaus, 304 F.3d 856, 857-58 (9th Cir. 2002). When a court has federal question jurisdiction on the basis of claims under Title III of the ADA, courts often decline to exercise supplemental jurisdiction over related state law claims once the ADA claims have been dismissed. See Kohler, 459 Fed. Appx. at 618-19; Oliver v. Ralphs Grocery Co., 654 F.3d 903, 911 (9th Cir. 2011); Pappion v. R-Ranch Prop. Owners Ass'n, 110 F.Supp.3d 1017, 1026 (E.D. Cal. 2015); Wilson v. Costco Wholesale Corp., 426 F.Supp.2d 1115, 1124 (S.D. Cal. 2006); see also 28 U.S.C. § 1367(c)(3). Therefore, the fact that Wyatt has alleged state law causes of action is not a sufficient reason to keep this case open.

*Conclusion*

The Court has ordered Wyatt to show cause why his ADA Title III claim should not be dismissed as moot, and why the Court should exercise supplemental jurisdiction over his state law claims. Wyatt has not distinguished this case from the closed restaurant in *Kohler*, nor has he explained why the Court should exercise supplemental jurisdiction over his state law claims. Therefore, the Court will dismiss Wyatt's ADA claim as moot, see Kohler, 459 Fed. Appx. at 618-19, and decline to exercise supplemental jurisdiction over Wyatt's state law claims. See 28 U.S.C. § 1367(c)(3); Oliver, 654 F.3d at 911; Pappion, 110 F.Supp.3d at 1026.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's claim under Title III of the ADA is DISMISSED as moot;

2.     The Court DECLINES to exercise supplemental jurisdiction over Plaintiff's remaining

state law claims and those claims are DISMISSED without prejudice; and

3.     The Clerk shall CLOSE this case.


IT IS SO ORDERED.

Dated:  __May 24, 2016__                       _____

                                       SENIOR  DISTRICT  JUDGE